No. 81-256

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

MILDRED WHITE,

    Plaintiff and Appellant,

-vs-

MANUEL WHITE,

    Defendant and Respondent.

---

Appeal from: District Court of the First Judicial District,
       In and for the County of Lewis & Clark, The
       Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        Milodragovich, Dale & Dye, Missoula, Montana

    For Respondent:

        Kline & Niklas, Helena, Montana

---

                        Submitted on Briefs: September 17, 1981

                                Decided:    NOV 2 5 1981

Filed:  NOV 25 1981

_Thomas J. Kearney_
                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The sole question in this appeal is whether the earnings of a judgment debtor for his personal services are exempt from execution on a judgment for unpaid alimony. The District Court held such earnings exempt. We affirm.

On February 22, 1980, appellant Mildred White obtained a judgment for delinquent alimony payments against respondent Manuel White in the Superior Court of Spokane, Washington. This judgment was sued upon in the District Court of Lewis and Clark County, Montana in May, 1980, and reduced to judgment in the sum of $39,502.65 in the Montana Court in December, 1980.

Following entry of judgment, respondent Manuel White filed an affidavit of exemption pursuant to section 25-13-614, MCA, claiming that his earnings for his personal services were necessary for the use of his family supported in whole or in part by his labor and therefore were exempt from execution. Attached to the affidavit of exemption was a statement indicating his net monthly income was approximately $2,600 and an itemization of his monthly expenses necessary to support his family in the total amount of approximately $2,975 for a net monthly deficit of approximately $375. No issue was raised in the District Court concerning the validity of any of the items claimed as necessary for the support of his family.

In January, 1981, appellant Mildred White submitted a writ of execution for issuance by the clerk of court of Lewis and Clark County. She filed a supporting brief claiming that Montana's exemption statute has no application to an execution based upon a judgment for delinquent alimony payments and therefore appellant's claim of exemption of his earnings was invalid.

On May 18, 1981, the District Court ordered the clerk of court to deny appellant's request for a writ of execution "there being no legal cause shown . . . why the earnings of the defen-

dant [appellant here] for his personal services should not be exempt under said statute." (Bracketed identification added.)

Appellant Mildred White has appealed from the District Court's order denying the issuance of a writ of execution.

Montana's exemption statute provides in pertinent part:

"Earnings of judgment debtor. (1) The earnings of the judgment debtor for his personal services rendered at any time within 45 days next preceding the levy of execution or attachment, when it appears by the debtor's affidavit or otherwise that such earnings are necessary for the use of his family supported in whole or in part by his labor, are exempt . . .

"(2) The words 'his family', as used in this section, are to be construed with the words 'head of family', as used in 70-32-102". Section 25-13-614, MCA.

"Head of family" is defined in section 70-32-102, MCA, in pertinent part in the following language:

"Head of family defined. The phrase 'head of a family' as used in this chapter includes within its meaning:

"(1) the husband and wife acting together or either one of them if they do not join in the particular transaction. In any given transaction which requires action by the head of a family, the spouse who undertakes the transaction shall be deemed head of the family in regard to that particular transaction.

" . . .

"(3) every person who has residing on the premises with him or her and under his or her care and maintenance either:

"(a) his or her minor child or the minor child of his or her wife or husband or former wife or husband . . ."

Appellant Mildred White contends that Montana's exemption statute has no application to a claim for delinquent alimony. She argues that the basis of alimony is the natural obligation of a husband to support his wife; that it is not a debt within the meaning of exemption statutes; that it does not create a debtor-creditor relationship between husband and wife; and therefore it is beyond the purpose and scope of exemption statutes whose purpose is to save the debtor a

- 3 -

means of supporting his family. She points out that other courts have generally so held, citing Anno: Enforcement of claim for alimony etc. against exemptions, 54 ALR2d 1422; Bruton v. Tearle (1936), 7 Cal.2d 48, 59 P.2d 953; Yager v. Yager (1936), 7 Cal.2d 213, 60 P.2d 422; Rankins v. Rankins (1942), 52 Cal.2d 231, 126 P.2d 125; Ex parte Smallbone (1940), 16 Cal.2d 532, 106 P.2d 873; Henry v. Henry (1960), 182 Cal.App.2d 707, 6 Cal.Rptr. 418; Bickel v. Bickel (1972), 17 Ariz.App. 29, 495 P.2d 154.

She goes on to argue that the monthly expenses listed by respondent as necessary for the support of his family deserve scrutiny to determine their necessity within the meaning of Montana's exemption statute. Finally, she points out that the result of upholding respondent's claim of exemption is to favor second and third wives and children at the expense of her prior claim--an indefensible social policy.

The issue posed in this case has not been adjudicated in Montana. Both appellant and respondent concede this. Appellant seeks to persuade us to hold in her favor by rulings of courts of sister states either that their exemption statutes do not expressly encompass claims or judgments for delinquent alimony or by judicial interpretation or construction of their exemption statutes to that effect.

We remain unpersuaded. We recognize that alimony claims rest on a different basis than ordinary debts. The United States Supreme Court has pointed out this difference in this language:

> "Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled, than strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings."
> Audubon v. Shufeldt (1901), 181 U.S. 575, 578, 21 S.Ct. 735, 45 L.Ed 1009.

Be that as it may, a claim for delinquent alimony

when reduced to judgment becomes merged in the judgment and loses its underlying character. The judgment creates a debt owed by the former husband to the ex-wife. The judgment creates a debtor-creditor relationship between them the same as any other money judgment between a plaintiff and defendant.

In construing Montana's exemption statute, the intention of the legislature is to be pursued if possible. Section 1-2-102, MCA. The intention of the legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of interpretation. Haker v. Southwestern Railway Co. (1978), 176 Mont. 364, 578 P.2d 724; Montana Ass'n of Underwriters v. State of Montana (1977), 172 Mont. 211, 563 P.2d 577. Where the language of a statute is plain, unambiguous, direct and certain there is nothing left for the court to construe. Doull v. Wohlschlager (1963), 141 Mont. 354, 377 P.2d 758; Nat'l Elec. Contractors Ass'n v. State Bd. of Education (1960), 137 Mont. 382, 352 P.2d 258; Vaughn & Ragsdale Co. v. St. Bd. of Equalization (1939), 109 Mont. 52, 96 P.2d 420. The function of the Court in construing a statute is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA. In short, it is simply the duty of the Supreme Court to construe the law as it finds it. Dunphy v. Anaconda Co. (1968), 151 Mont. 76, 438 P.2d 660 and cases cited therein.

Applying the foregoing rules of statutory construction, we hold that Montana's exemption statute does not differentiate between different kinds or types of judgments. The plain language of the statute provides an exemption of earnings against the levy of any execution regardless of the

nature of the underlying claim. This Court is not empowered to insert an exception to the exemption statute consisting of judgments for delinquent alimony payments. We cannot insert what has been omitted from the statute. We must construe the statute as we find it. If the result contravenes enlightened public policy, it is for the legislature and not the courts to amend the statute. It is not the function of the courts to improve legislative acts by judicial amendment.

We do not reach the claim of appellant that some of the individual expense items in respondent's claim of exemption may not be necessary for the support of his family. This issue was not raised by appellant in the District Court. This Court will not decide issues raised for the first time on appeal. Northern Plains v. Board of Natural Resources (1979), 181 Mont. 500, 594 P.2d 297; Kearns v. McIntyre Const. Co. (1977), 173 Mont. 239, 567 P.2d 433.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 6 -