No. 91-108

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1992**

HOLLY SUGAR CORPORATION,

Plaintiff and Appellant,

v.

THE DEPARTMENT OF REVENUE OF THE STATE OF MONTANA:
THE STATE OF MONTANA: THE COUNTY OF RICHLAND:
THE TREASURER OF RICHLAND COUNTY: THE ASSESSOR OF
RICHLAND COUNTY; HIGH SCHOOL DISTRICT NO. **1,** RICHLAND
COUNTY: DISTRICT NO. 5, RICHLAND COUNTY: BOARD OF
TRUSTEES, HIGH SCHOOL DISTRICT NO. 1, RICHLAND COUNTY:
BOARD OF TRUSTEES, DISTRICT NO. 5, RICHLAND COUNTY:
SUPERINTENDENT OF SCHOOLS, SIDNEY PUBLIC SCHOOLS: and
SUPERINTENDENT OF SCHOOLS, RICHLAND COUNTY,

Defendants and Respondents.

APPEAL FROM:   District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James P. Sites, Argued, Crowley, Haughey, Hanson,
Toole & Dietrich, Billings, Montana

For Respondents:

Phillip N. Carter, Argued, Koch & Carter, Sidney,
Montana: David Woodgerd, Chief Legal Counsel,
Department of Revenue, Helena, Montana

Submitted:   February **19, 1992**

Decided:   April 9, 1992

Filed:

_____
Clerk

Justice William E. Hunt. Sr., delivered the opinion of the Court.

Plaintiff/appellant (hereinafter **"taxpayer"**) brought a declaratory judgment action in District Court pursuant to § 15-1-406, MCA, alleging that certain property taxes levied against the taxpayer were "illegally or unlawfully imposed or exceeded the taxing authority of the entity imposing the tax." Taxpayer alleged that the requirements of § 15-10-412(9), MCA, were not satisfied by the taxing authority. The District Court did not consider the merits of taxpayer's contention, as the court granted summary judgment for all defendants on the grounds that the statute of limitations for bringing such actions had run on the taxpayer. We reverse.

We phrase the issues before this Court **as** follows:

1. Did the District Court err in holding that the 90-day statute of limitations for bringing an action pursuant to § 15-1-406, MCA, began running on the date the amount of tax due was entered on the assessment book and the Department of Revenue affixed their affidavit thereto?

2. Did the District Court err in not finding that jurisdiction was present under the Uniform Declaratory Judgments Act?

The facts in this case can be briefly stated. The District Court Judge summarized the relevant facts in his Memorandum Opinion and Order as follows:

This action stems from a tax increase that was the result of a request by Richland County School Districts 1 and 5 for voter approval to exceed the limitations of 15-10-402 MCA. Resolutions calling for an election were adopted on March 13, 1989 and an election was held on April 4, 1989. At the election the question was approved by the voters. Plaintiff paid the portion of its taxes dealing with the increased school levy under protest on November 30, 1989 and filed this action January 26, 1990.

The total amount of taxes in dispute is $169,915.64. The tax statement, which is the notice of the property tax due, was mailed on October 31, 1989. Taxpayer received the tax statement indicating the amount of property taxes owed on November 1, 1989.

In response to taxpayer's declaratory judgment action, the defendants moved for summary judgment. This motion was based upon three separate grounds: (1) the statute of limitations set forth in § 15-1-406, MCA, had run; (2) laches, in that the taxpayer should have taken action earlier based upon the school levy election results; and (3) taxpayer was estopped from bringing the action in that the taxpayer's delay in filing suit allowed the defendants to change their position detrimentally relying on the election results. The court did not address issues 2 and 3, but granted summary judgment based on the statute of limitations.

Section 15-1-406(2), MCA, states that a declaratory judgment action of this nature "must be brought within 90 days of the imposition of the tax." [Emphasis added.] The question before the District Court was when the actual "imposition" of the tax occurred. Defendants argued that the imposition of the tax occurred on April 4, 1989, when the emergency levy election was

held. The 90-day statute of limitations began running at that time according to the defendants. The taxpayer argued that the imposition of the tax was not until November 1, 1989, when they received notice of the amount of the tax due. Taxpayer then contended that since the 90-day statute of limitations began to run on November 1, 1989, taxpayer's suit filed on January 26, 1990, was within the 90-day period provided by statute in which to bring an action. The District Court, in its January 29, 1991, memorandum, opinion, and order, determined that "[w]hen the final steps to impose the tax were taken the cause of action to challenge the tax accrued to the Plaintiff." According to the court this date was October 25, 1989. By October 25, 1989, the court found that all the necessary steps had been taken and the tax was imposed as of that date. The property had been assessed, the final budget and levy had been determined, and the actual tax liability was set and entered in the assessment book. Taxpayer's declaratory judgment action was filed January 26, 1990, which is just over the 90 days allowed to bring the action. The court found it was not significant that the notice was not sent until October 31, 1989, and that the taxpayer did not receive the notice of the actual tax liability until November 1, 1989. The court stated that the actual tax liability had been determined and it was the taxpayer's own fault that he was unaware of the actual tax liability. Taxpayer could have checked to determine if his tax liability had been entered on the books and his lack of knowledge as to when the tax

**4**

was entered on the books did not postpone the beginning of the period of limitations.

I

Did the District Court err in holding that the 90-day statute of limitations for bringing an action pursuant to § 15-1-406, MCA, began running on the date the amount of tax due was entered on the assessment book and the Department of Revenue affixed their affidavit thereto?

The outcome of this case turns on this Court's determination of when the imposition of the tax in question occurred. It is only upon the imposition that the 90-day period of statute of limitations begins to run. The question presented here has not been previously addressed by this Court. However, there are a number of District Court decisions on when the imposition of a tax occurs. The present case presents this Court with the opportunity to clarify the existing law in this area and settle a point of some contention in the lower courts.

Taxpayer filed suit on January 26, 1990, and therefore, taxpayer's declaratory judgment action was filed within the required 90 days pursuant to § 15-1-406, MCA, if the "imposition" of the tax is determined to have occurred after October 28, 1989. Section 1-1-306, MCA. On appeal, taxpayer argues that the District Court erred in determining that the imposition of the tax was on October 25, 1989, seven days prior to the time taxpayer received notice of the tax.

5

The defendants also argue on appeal that the District Court erred in its determination of when the tax was imposed. Defendants contend that the tax was imposed on April 4, 1989, when the election was held and request that we modify that part of the District Court's decision which found that the imposition of the tax occurred on October 25, 1989.

Section 15-1-406, MCA, the primary statute in question in this case, reads as follows:

> (1) **An** aggrieved taxpayer may, in lieu of proceeding under 15-1-402 or 15-1-211, bring a declaratory judgment action in the district court seeking a declaration that a tax levied by the state or one of its subdivisions was illegally or unlawfully imposed or exceeded the taxing authority of the entity imposing the tax.
>
> (2) <u>The action must be brought within 90 days of the imposition of the tax.</u> The court shall consolidate all actions brought under subsection (1) which challenge the same tax levy. The decision of the court shall apply to all similarly situated taxpayers except those taxpayers who are excluded under 15-1-407.
>
> **(3)** The taxes that are being challenged under this section must be paid when due as a condition of continuing the action. [Emphasis added.]

Section 15-16-101, MCA, mandates that within ten days after the tax liability is entered on the assessment books, the county treasurer must send a notice to taxpayers indicating the amount of taxes due. Taxpayer contends that it is only upon receipt of this notice that the tax is actually imposed. The District Court's decision imposes an affirmative duty upon taxpayers to check with the taxing authorities from time to time to determine if their tax liability has been determined yet. Taxpayer contends this decision

6

not only disregards the purpose of the required statutory notice, but would be an administrative nightmare for local taxing authorities.

Unlike personal income taxes, property taxes are 'Inon-self-assessing," and are assessed and determined by the government. Taxpayer argues that the process of determining property taxes is complicated and that the necessary information is in the hands of the government, and therefore, individual taxpayers should not be expected to know what their property taxes will be prior to receiving notice.

Defendants counter by arguing that the taxpayer should have been aware of the tax, and that they were in a position to easily figure out what the tax would be. Defendants also argued that public policy requires that **"an** aggrieved taxpayer should be required to file its declaratory judgment action at the point in time when it first learns that its taxes are going to be increased," and that this should be "prior to the time when the school authorities are forced to commit to the expenditure of this expected revenue." Allowing taxpayers 90 days from the time they receive notice of their tax liability to file suit creates too much uncertainty for the schools. They will not be able to properly determine the amount of money they will actually have until this time period has passed.

The public policy arguments raised by the defendants are indeed important, but this Court is bound to follow and apply the

7

intent of the legislature, as manifested in constitutionally sound statutes. **As** we have stated in the past:

> In construing a statute, it is our function as an appellate court to ascertain and declare what in terms or in substance is contained in a statute and not insert what has been omitted.

State v. Crane (1989), 240 Mont. 235, 238, 784 P.2d 901, 903. Whenever possible, this court is to look to the plain meaning of the statute in determining the legislative intent. State Ex Rel. Roberts v. Public Service Commission (1990), 242 Mont. 242, 790 P.2d 489.

**As** previously mentioned, this Court has not interpreted the term imposition as it is used in § 15-1-406, MCA. Additionally, the term has not been defined by the legislature. The statutes are silent as to when the actual imposition of the tax occurs. The District Court concluded that the imposition of the tax occurred when the taxing authority had completed all the steps necessary to impose the tax and there was nothing remaining for the government to do. The District Court determined that all the steps necessary to impose the tax had been completed when the taxes were entered on the assessment book and the Department of Revenue affixed its affidavit to the assessment book as provided in § 15-10-305, MCA. This date was October 25, 1989. The basic framework utilized by the District Court was correct, but the analysis of the District Court stopped one step short of completion. The tax is imposed when the taxing authority completes all the steps necessary to

impose the tax, including the final step that the taxing authority is statutorily bound to comply with before the tax is imposed. Pursuant to § 15-16-101, MCA, the county treasurer is required, within ten days after receipt of the assessment book, to send each taxpayer a written notice showing the amount of taxes and assessments due. It is not until this notice has been sent that: the government has taken all the steps necessary to impose the tax. We hold that the imposition of the tax, for purposes of bringing an action under § 15-1-406, MCA, occurs on the date the actual notice of taxes due is sent. In this instance, that occurred on October 31, 1989. Taxpayer filed suit on January 26, 1990, which is within the 90-day period allowed for bringing an action under § 15-1-406, MCA. We must, therefore, reverse the decision of the District Court and remand for further proceedings consistent with this opinion.

## II

Did the District Court err in not finding that jurisdiction was present under the Uniform Declaratory Judgments Act?

In light of our holding on the first issue, a determination of the question of jurisdiction under the Uniform Declaratory Judgments Act is not essential to the outcome of this case.

Reversed and remanded to the District Court for further proceedings consistent with this opinion.

_____
Justice

9

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice R. C. McDonough dissents.

The District Court in its opinion and order was correct. All the necessary steps to impose the tax were completed on October 25, 1989. An action of this nature must be brought within 90 days of the imposition of the tax. Section 15-1-406(2), MCA. There are no cases in Montana which have interpreted the term "imposition" relative to the imposition of a property tax.

In Soo Line Railroad Company v. Commissioner of Revenue (Minn. 1985), 377 N.W.2d 453, 458, the court, in what I feel to be a correct analysis, discussed the use of the term in the process of taxation as follows:

> [Taxation] consists of two distinct processes--the one relating to the levying or imposition of the taxes on persons or property: the other the collection of the taxes levied. The first is constituted of the provisions of law which determine or work out the determination of the persons or property to be taxed, the sum or sums to be thus raised, the rate thereof and the time and manner of levying and receiving and collecting the taxes.. It <u>definitely and conclusively establishes the sum to be paid by each person taxed, or to be borne by each property specially assessed</u>, and creates a fixed and certain demand fin favor of the state or a subordinate governmental agency, and a definite and positive obligation on the part of those taxed, and prescribes the manner of its voluntary or enforced fulfillment.

> Mayor and City Council of Baltimore v. Perrin, 178 Md. 101, 12 A.2d 261, 264-65 (1940).

> When used in connection with the authority to tax, **"levy,"** strictly speaking, denotes the exercise of a legislative function, which imposes the tax and sets the amount, purpose, and subject of the exaction. Carkonen v. Williams, 76 Wash.2d 617, 458 P.2d 280, 286 (1969). See also Fichtner v. Schiller, 271 Minn. 163, 135 N.W.2d 877, 879 (1965). In view of the interchangeable use of the terms **"impose"** and "levy" by the United States

11

> Supreme Court, e.g., Minneapolis Star & Tribune Co. v.
> Minnesota Commissioner of Revenue, 460 U.S. 575, 103
> S.Ct. 1365, 75 L.Ed.2d 295 (1983), we conclude the excise
> tax was imposed by legislative action, i.e., § 290.02,
> not by the commissioner's attempt to collect it, . . .
> (Emphasis added.)

The components that are necessary to impose a tax on pieces of property in Montana are the value of the property, the amount of the millage and the establishment of the sum to be borne by each piece of property. The value of the property is established by the application of the assessment and equalization statutes which is not contested here. The millage, or the rate of tax, was established in this case by the certification of the school board to the county commissioners after public notice of the amount of millage needed. The commissioners then, at their meeting on the second Monday in August of 1989, and after notice to the public, levied the millage and taxes against the taxable property of the district. See § 7-6-2502, MCA. The third step is the computations by the county assessor of the exact tax to be paid by each piece of property and its entry on the assessment book. This, by statute, is to be done by the second Monday in October, and the assessment book is then delivered to the county clerk and recorder with the assessor's affidavit of completion. See § 15-10-305, MCA. This completes the first step as set forth in the above quotation; it definitely and conclusively establishes the sum to be paid by each person taxed and the sum to be borne by each property specially assessed.

The second step in the process starts by requiring that on or before the third Monday in October, the county clerk and recorder

12

charges the county treasurer with the full amount of the taxes levied and delivers the assessment book to the treasurer. This second process, the collection of the taxes, is not governed by Chapter 10 which provides for the levy or imposition of the taxes. Rather, the collection is governed by law in a different chapter, Chapter 16 of Title 15 of the MCA. Part 1 of said Chapter 16 provides for the notice to be given to the taxpayers, what the notice shall contain, the time and place of payment, etc.

In this specific case the county assessor was late in completing and delivering the assessment book together with the affidavit and it was not done until October 25, 1989. On this date then, all the steps necessary to levy and impose a tax on a specific piece of property owned by a specific person were completed. The 90 day statute of limitations began to run on this date. This action was not filed until January 26, 1990, which is more than 90 days after the tax was imposed.

What the majority opinion has done is add the requirement of the mailing of the notice of taxes due, which is governed by said Chapter 16, as a requirement to the levy and imposition of the taxes. The notice requirement is actually a part of the second process, to wit: the collection of the taxes. I would affirm the order granting summary judgment.

_____
Justice

13