No. 93-032

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

THE STATE OF MONTANA,

      Plaintiff and Respondent,

-v-

RICHARD WAYNE BERGER,

      Defendant and Appellant.

**FILED**

JUL 15 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: **District** Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Lawrence A. **LaFountain,** Havre, Montana

      For Respondent:

      Hon. Joseph P. Mazurek, Attorney General, Kathy
      Seeley Assistant, Helena, Montana; David G. Rice,
      Hill County Attorney, Havre, Montana

Submitted on Briefs: June 17, 1993

Decided: July 15, 1993

Filed:

_____
         Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from the Twelfth Judicial District Court, Hill County, wherein the appellant, Richard Wayne Berger, pled guilty to the offense of criminal sale of dangerous drugs in violation of § 45-g-101, MCA, pursuant to a plea agreement under which he reserved his right to appeal the application of § 46-11-503, MCA, to this case. We hold that § 46-11-503, MCA, does not bar the prosecution of the appellant for the offense of criminal sale of dangerous drugs.

For purposes of this appeal, the parties have entered into an agreed statement of facts, as follows:

1. Shortly after 8 p.m., on April 22, 1992, Hill County Sheriff's deputies monitored a sale of dangerous drugs by Richard Wayne Berger to an informant wearing an electronic transmitting device.

2. The next day, April 23, 1992, shortly before midnight, officers executed a search warrant at Berger's house.

3. Berger was found to be in possession of small amounts of marijuana and, at 12:15 a.m. on April 24, 1992, he was arrested and charged with two counts of possession of dangerous drugs (marijuana) in violation of MCA § 45-g-102.

4. On April 24, 1992, Berger appeared in justice court and pled guilty to the two possession charges.

5. The information charging Berger with criminal sale of dangerous drugs for the April 22, 1992 sale was filed in the district court on July 28, 1992.

6. The parties agree that the April 22, 1992 drug sale and the April 24, 1992 possession charges were not a part of the "same transaction" as defined in MCA § 46-1-202(23).

Appellant Berger contends that the facts of this case fit within the provisions of § 46-11-503(1)(b), MCA (1991), with the result that his prosecution for criminal sale of dangerous drugs is

barred. He maintains that the 1991 amendments to § 46-11-503, MCA, eliminated the "same transaction" requirement from what is now subsection (1)(b) and expanded the protection of the statute to unrelated offenses. We disagree.

Section 46-11-503, MCA, is the Montana "double jeopardy" statute. In pertinent part, that section provides as follows:

> 46-11-503. **Prosecution based on same transaction barred by former prosecution.** (1) When two or more offenses are **known** to the prosecutor, are supported by probable cause, and are consummated prior to the original charge and jurisdiction and venue of the offenses lie in a single court, a prosecution is barred if:
>
> ...
>
> (b) the former prosecution resulted in a conviction that has not been set aside, reversed, or **vacated**[.]

Section 46-11-503, MCA, was originally enacted in 1973 as § 95-1711(3), RCM (1947), and expressly applied only to prosecutions based upon the same transaction. See Sec. 6, Ch. 513, L. 1973.

Prior to amendments adopted by the legislature in 1991, the statute, in pertinent part, provided as follows:

> **46-11-503.** When **prosecution based on same transaction barred by former prosecution.** If the offenses were known to the attorney prosecuting upon sufficient evidence to justify the filing of an information or the issuance of a warrant of arrest and were consummated prior to the original charge and if the jurisdiction and venue of the several offenses lie in a single court, a prosecution based upon the same transaction as a former prosecution is barred by such former prosecution under the following circumstances: . . . (Emphasis added).

The 1991 amendments to § 46-11-503, MCA, were part of a number of amendments adopted by the legislature to the Montana Code of Criminal Procedure, Title 46 MCA. It is well settled that, when

3

construing a statute, the intent of the legislature is controlling, Holly Sugar v. Department of Revenue (1992), 252 Mont. 407, 412, 830 P.2d 76, 78; § 1-2-102, MCA.

While there is no specific discussion in the legislative history pertaining to the amendments to the code section at issue, it is instructive to note, however, that at the House Judiciary Committee hearing on March 8, 1991, with respect to Senate Bill 51, Robert Dechamps III, Chairperson of the Montana Criminal Procedure Committee stated that the objective of the bill was to streamline, codify, unify and consolidate procedural rules of criminal procedure that had been adopted by the courts over the years that did not exist in statute. "...[M]ost of what the committee did really didn't change anything. The committee streamlined and codified the rules. Most of the bill is existing law." See minutes of hearing on SB 51, House Judiciary Committee, March 8, 1991, p. 6.

In his comments as sponsor of the bill, Senator Van Valkenburg pointed out that "[t]his is a bill that modernizes and recognizes changes in case law that has [sic] occurred over the past 25 years since Montana's Criminal Procedure Code was last revised and put into statute many of the common practices that occur in the criminal arena in the state of Montana." See minutes of hearing on SB 51, House Judiciary Committee, March 8, 1991, p. 5.

Moreover, the 1991 Commission Comments note that the new subsections (1)(a) and (1)(b) "...preserve the 1987 code but eliminate confusing and unnecessary provisions."

Neither the legislative history nor the Commission Comments reveal that the legislature intended to substantively change the application of § 46-11-503, MCA, from prosecutions resulting from the same transaction to unrelated prosecutions.

The dissent argues that the majority has inserted into § 46-11-503(1), MCA, the requirement that the offenses be part of the "same transaction" and that it has improperly resorted to the use of legislative intent in construing the statute, thereby ignoring the clear provisions of the language of that section. While we have no argument with the principles of statutory construction cited by the dissent, when subsection (1) of the statute is read in conjunction with new subsection (2), the language of subsection (1) becomes less clear.

New subsection (2) of the statute provides that "[a] prosecution based upon the same transaction as a former prosecution is not barred under subsection (1)(d) when: . . . ." We are required to avoid any statutory interpretation that renders any sections of the statute superfluous and does not give effect to all of the words used. Central Montana Elec. v. Adm'r of Bonneville Power (9th Cir. 1988), 840 F.2d 1472, 1478. If subsection (1) does not continue to pertain to prosecutions based upon the same transaction, then the language in subsection (2) making reference to such prosecutions is superfluous.

Furthermore, in amending the title of § 46-11-503, the legislature retained the "same transaction" language of the immediately preceding subsection (1). While, in construing a

statute, the wording of the body, and not that of the title controls, Eastman v. School District No. 1 (1947), 120 Mont. 63, 78, 180 P.2d 472, 479 (overruled on other grounds), resort may, nevertheless, be had to the title as an aid to construction. State v. Bruce (1938), 106 Mont. 322, 332, 77 P.2d 403, 408, affirmed 305 U.S. 577, 59 S.Ct. 465, 83 L.Ed. 363 (overruled on other grounds). The legislature's retention of the "same transaction" language in the title of the statute is a further indication that subsection (1) was not expanded to cover unrelated prosecutions.

Taking into consideration the general intent of the legislature to malce procedural rather than substantive changes in the law by its adoption of the 1991 amendments to the criminal procedure code, and the above mentioned rules of construction, we hold that § 46-11-503(1), MCA, continues to apply only to prosecutions arising from the same transaction.

In this case the parties have agreed, and the record reflects, that the appellant's prosecution of criminal sale of dangerous drugs arose out of a transaction separate from that involving his prosecution for possession of dangerous drugs. Accordingly, based upon our construction of the statute, § 46-11-503, MCA, does not bar his prosecution for criminal sale of dangerous drugs, and his conviction of that offense is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

6

*John Conway Harrison*

*Karla M. Gray*

_____

_____
Justices

Justice Terry N. Trieweiler dissenting.

I dissent from the majority opinion. All of the facts which led to defendant's arrest, prosecution, and conviction for the sale of dangerous drugs pursuant to § 45-g-101, MCA, were known to the State on April 24, 1992, when defendant was charged with and convicted of possession of dangerous drugs pursuant to § 45-g-102, MCA. For that reason, and because the other statutory elements are satisfied, defendant's second prosecution, which was commenced on July 28, 1992, was clearly barred by the plain language of § 46-11-503(1)(b), MCA.

The majority has held otherwise by inserting into § 46-11-503(1), MCA, the requirement that the offenses be part of the "same transaction." However, in doing so, the majority has violated a cardinal principle of statutory construction. Section 1-2-101, MCA, provides as follows:

> In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.

In departing from the current clear language of the statute which controls the outcome of this case, the majority has based its decision on its contention that the Legislature did not mean to say what it clearly did say when it amended § 46-11-503, MCA. Therefore, the majority ignores the plain language of that section in favor of what it concludes was the Legislature's intent. However, in doing so, the majority has violated a second rule of construction which we have previously articulated in our decisions.

8

In *White v. White* (1981), 195 Mont. 470, 473-74, 636 P.2d 844, 845-46, we held that:

> The intention of the legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of interpretation. *Haker v. Southwestern Railway Co.* (1978), 176 Mont. 364, 578 P.2d 724; *Montana Assn. of Underwriters v. State of Montana* (1977), 172 Mont. 211, 563 P.2d 577. Where the language of a statute is plain, unambiguous, direct and certain there is nothing left for the court to construe. *Doull v. Wohlschlager* (1963), 141 Mont. 354, 377 P.2d 758; *National Electric Contractors Assn. v. State Board of Education* (1960), 137 Mont, 382, 352 P.2d 258; *Vaughn & Ragsdale Co. v. State Board of Equalization* (1939), 109 Mont. 52, 96 P.2d 420. The function of the court in construing a statute is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA. In short, it is simply the duty of the Supreme Court to construe the law as it finds it. *Dunphy v. Anaconda Co.* (1968), 151 Mont. 76, 438 P.2d 660, and cases cited therein.

In *State v. Hubbard* (1982), 200 Mont. 106, 111, 649 P.2d 1331, 1333, we held that "[t]here is simply no reason for the use of legislative history to construe a statute where the language is clear and unambiguous on its face."

Even more recently, in *Dorn v. Board of Trustees of Billings School District* (1983), 203 Mont. 136, 144, 661 P.2d 426, 430, we held that:

> The primary tool for ascertaining intent is the plain meaning of the words used. The Court properly refers to legislative history only when intent cannot be determined from the content of the statute. The instant statute does not necessitate such an inquiry.

There is nothing unclear about § 46-11-503(1)(b), MCA, which requires reference to its legislative history in order to determine the Legislature's intent. The language of the statute is clear and

9

requires the dismissal of the charges filed against defendant on July 28, 1992. However, if, as the majority suggests, inconsistent language in subparagraph (2) creates an ambiguity in § 46-11-503(1), MCA, then according to the rule of lenity the ambiguity must be construed in favor of the defendant and against the State which authored the ambiguous provision. *State v. Goodwin* (1991), 249 Mont. 1, 24, 813 P.2d 953, 967.

For these reasons, I dissent from the majority opinion.

_____
Justice

Justice William E. Hunt, Sr., joins in the foregoing dissent.

_____
Justice

10

July 15, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Lawrence A. LaFountain
Attorney at Law
P.O. Box 1532
Havre, MT 59501

Hon. Joseph P. Mazurek, Attorney General
Kathy Seeley, Assistant
Justice Bldg.
Helena, MT 59620

David G. Rice
Hill County Attorney
P.O. Box 912
Havre, MT 59501

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy