JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion. All of the facts which led to defendant’s arrest, prosecution, and conviction for the sale of dangerous drugs pursuant to § 45-9-101, MCA, were known to the State on April 24, 1992, when defendant was charged with and convicted of possession of dangerous drugs pursuant to § 45-9-102, MCA. For that reason, and because the other statutory elements are satisfied, defendant’s second prosecution, which was commenced on July 28, 1992, was clearly barred by the plain language of § 46-ll-503(l)(b), MCA.
The majority has held otherwise by inserting into § 46-11-503(1), MCA, the requirement that the offenses be part of the “same transaction.” However, in doing so, the majority has violated a cardinal principle of statutory construction. Section 1-2-101, MCA, provides as follows:
In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.
In departing from the current clear language of the statute which controls the outcome of this case, the majority has based its decision on its contention that the Legislature did not mean to say what it clearly did say when it amended § 46-11-503, MCA. Therefore, the *369 majority ignores the plain language of that section in favor of what it concludes was the Legislature’s intent. However, in doing so, the majority has violated a second rule of construction which we have previously articulated in our decisions.
In White v. White (1981), 195 Mont. 470, 473-74, 636 P.2d 844, 845-46, we held that:
The intention of the legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of interpretation. Haker v. Southwestern Railway Co. (1978), 176 Mont. 364, 578 P.2d 724; Montana Assn. of Underwriters v. State of Montana (1977), 172 Mont. 211, 563 P.2d 577. Where the language of a statute is plain, unambiguous, direct and certain there is nothing left for the court to construe. Doull v. Wohlschlager (1963), 141 Mont. 354, 377 P.2d 758; National Electric Contractors Assn. v. State Board of Education (1960), 137 Mont. 382, 352 P.2d 258; Vaughn & Ragsdale Co. v. State Board of Equalization (1939), 109 Mont. 52, 96 P.2d 420. The function of the court in construing a statute is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA. In short, it is simply the duty of the Supreme Court to construe the law as it finds it. Dunphy v. Anaconda Co. (1968), 151 Mont. 76, 438 P.2d 660, and cases cited therein.
In State v. Hubbard (1982), 200 Mont. 106, 111, 649 P.2d 1331, 1333, we held that “[t]here is simply no reason for the use of legislative history to construe a statute where the language is clear and unambiguous on its face.”
Even more recently, in Dorn v. Board of Trustees of Billings School District (1983), 203 Mont. 136, 144, 661 P2d 426, 430, we held that:
The primary tool for ascertaining intent is the plain meaning of the words used. The Court properly refers to legislative history only when intent cannot be determined from the content of the statute. The instant statute does not necessitate such an inquiry.
There is nothing unclear about § 46-ll-503(l)(b), MCA, which requires reference to its legislative history in order to determine the Legislature’s intent. The language of the statute is clear and requires the dismissal of the charges filed against defendant on July 28,1992. However, if, as the majority suggests, inconsistent language in sub-paragraph (2) creates an ambiguity in § 46-11-503(1), MCA, then *370 according to the rule of lenity the ambiguity must be construed in favor of the defendant and against the State which authored the ambiguous provision. State v. Goodwin (1991), 249 Mont. 1, 24, 813 P.2d 953, 967.
For these reasons, I dissent from the majority opinion.
JUSTICE HUNT joins in the foregoing dissent.