JUSTICE LEAPHART,
dissenting:
¶26 I dissent.
¶27 In construing the teacher tenure statute, the majority purports to be mindful of the rules of statutory construction. The Court's interpretation, however, ignores two basic rules of construction.
¶28 The statute in question provides:
20-4-203. Teacher tenure. (1) Except as provided in 20-4-208, whenever a teacher has been elected by the offer and acceptance of a contract for the fourth consecutive year of employment by a *205 district in a position requiring teacher certification except as a district superintendent or specialist, the teacher is considered to be reelected from year to year as a tenured teacher .... [Italics added.]
¶29 At issue here is the phrase "except as a district superintendent." The question is whether that phrase modifies the remote term "position" or the nearer term "certification." The Court concludes that it modifies the remote term "position" and reasons that since Small was not in the position of a district superintendent, he is not excluded from tenure. In reaching that conclusion the Court ignores the rule that a relative clause must be construed to relate to the nearest antecedent that will make sense. Dussault v. Hjelm (1981), 192 Mont. 282, 285, 627 P.2d 1237, 1239. Here the nearest antecedent that makes sense is "certificate." Thus, the question is not whether Small held that "position" of district superintendent, but rather whether he was certified as a district superintendent. Since Small held a Class 3 Administrative Certificate with a Superintendent endorsement, he is excluded by the plain language of the statute.
¶30 Furthermore, it is well accepted that a court must reject a construction of a statute that would leave any part of the statutory language without effect. Montco v. Simonich (1997), 285 Mont. 280, 287, 947 P.2d 1047, 1051. The Court must avoid any statutory construction that renders any sections of the statute superfluous and does not give effect to all of the words used. State v. Berger (1993), 259 Mont. 364, 367, 856 P.2d 552, 554. Under the Court's construction of the tenure statute, the phrase "except as a district superintendent" is superfluous. The Court concludes that the phrase excludes only district superintendents from being tenured. However, there is no need to exclude district superintendents from tenure unless you assume in the first instance that they are eligible for tenure. They are not. Under § 20-4-203, MCA, only "teachers" can be tenured. A "teacher" is defined as "a person, except a district superintendent, who holds a valid Montana teacher certificate ... and who is employed by a district as a member of its instructional, supervisory, or administrative staff." Section 20-1-101(18), MCA (emphasis added). Obviously, since a district superintendent does not come within the definition of a teacher, he or she does not qualify for tenure under the first sentence of § 20-4-203, MCA, and does not need to be excluded from the tenure statute. The exclusionary language thus has no meaning whatsoever unless it is applied to someone who, although not holding the position of a district superintendent, nonetheless is certified as a district superintendent. That is, it has no meaning unless it is applied to someone like Small who is a teacher certified as a district superintendent and serving in the position of an assistant district superintendent.
¶31 Since I conclude that the legislature inserted the exclusionary *206 language for a purpose, not as mere surplusage, I dissent.
CHIEF JUSTICE GRAY dissenting:
I join in the foregoing dissent of JUSTICE LEAPHART.