No. 93-476

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

Plaintiff and Appellant,

v.

JEFFREY WALDRUP,

Defendant and Respondent.



APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Joseph Mazurek, Attorney General,
Barbara C. Harris, Assistant Attorney General,
Helena, Montana

Larry J. Nistler, Lake County Attorney,
Mitchell A. Young, Assistant Lake County
Attorney, Polson, Montana

For Respondent:

Deborah Kim Christopher, French, Mercer
& Grainey, Polson, Montana

Submitted on Briefs:  February 10, 1994

Decided:  April 11, 1994

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

The State of Montana (State) appeals an order of the Twentieth Judicial District Court, Lake County, dismissing the Information filed against the defendant/respondent, Jeffrey Waldrup, (defendant) charging him with four counts of indecent exposure, a felony pursuant to § 45-5-504, MCA. The District Court dismissed the Information on the basis that § 46-11-503, MCA, is an absolute bar to prosecution of the offenses charged in the Information. We hold that § 46-11-503, MCA, does not bar prosecution of the defendant for the four counts of indecent exposure charged in the Information. We therefore, reverse and remand for reinstatement of the charges and further proceedings.

One issue raised by the parties is dispositive in this case: Did the District Court err in granting defendant's motion to dismiss by applying § 46-11-503, MCA, to the offenses charged in the Information, when those charges were separate transactions from the previous convictions?

On March 31, 1993, the Polson City Police Department charged the defendant with three counts of indecent exposure for incidents occurring March 20, 22, and 31, 1993. The defendant appeared in Polson City Court on April 1, 1993, where the city judge advised the defendant of his rights and the defendant waived those rights. Upon investigating one of the charges at this appearance, the city judge dismissed that charge, and the defendant pled guilty to the remaining two counts of indecent exposure. The defendant was sentenced on April 7, 1993, on the two misdemeanor charges to which

2

he had pled.

After defendant had been charged with the above mentioned three counts of indecent exposure, the police continued to investigate previous reports of a man exposing himself. The defendant was a suspect. In pursuing the investigation, the police contacted prior alleged victims to determine if they could identify the defendant as the perpetrator. Four victims were able to identify the defendant as the perpetrator from a photographic lineup. As a result of these identifications, the Lake County Attorney's Office filed an Information on April 16, 1993, charging the defendant with four counts of indecent exposure in violation of § 45-5-504, MCA. The incidents charged in the Information allegedly occurred on September 23, 1992, October 15, 1992, March 22, 1993 and in September 1992, and involved four different victims.

According to the terms of § 45-5-504(2)(c), MCA, upon a third or subsequent conviction of indecent exposure, a defendant's punishment can be enhanced to a felony. Because the defendant had been convicted of two counts of indecent exposure by pleading guilty to the two charges in City Court, he now faces felony charges for the four counts charged in the Information.

The defendant moved to dismiss the charges on the grounds that prosecution was barred under § 46-11-503, MCA, for reasons of fundamental fairness, and because the prosecution violated various constitutional provisions. After considering the parties' briefs and oral arguments, the District Court granted the defendant's

3

motion to dismiss by order dated July 8, 1993. The State appeals from that dismissal.

The District Court based its order of dismissal on § 46-11-503, MCA, holding that the statute was absolute bar to the prosecution of the offenses charged in the Information. In applying § 46-11-503, MCA to the facts, the District Court reasoned that: (1) all of the facts constituting the offenses charged in the Information were contained in the Polson City Police files and were therefore known, or should have been known to the prosecutor at the time the subsequent offenses were prosecuted to conviction in the Polson City Police Court; (2) the probable cause which was found to exist at the time the Information was filed existed on the date the defendant was sentenced in City Court; (3) the incidents, which were the basis of the offenses charged in the Information were consummated prior to the incidents which were the basis of the defendant's City Court convictions; and (4) the Polson City Court convictions of defendant had not been set aside, reversed or vacated.

The District Court did not address whether the incidents charged in the Information were part of the same transaction as the convicted offenses. However, one week after the District Court issued its order of dismissal in this case, we ruled in State v. Berger (1993), 259 Mont. 364, 856 P.2d 552, that § 46-11-503, MCA, applied only to cases involving the same transactions. Not having the benefit of the Berger decision, the District Court erroneously applied § 46-11-503, MCA, to bar the subsequent felony charges on

4

the basis of double jeopardy.

In Berger, we ruled that the 1991 amendments to § 46-11-503, MCA, did not eliminate the "same transaction" requirement from what is now subsection (1)(b) and did not expand the protection of the statute to unrelated offenses. Berger, 856 P.2d at 553. The defendant in Berger, sold dangerous drugs to an informant. The next day, officers executing a search warrant found marijuana in the defendant's house, and charged him with two counts of possession of dangerous drugs. The defendant pled guilty to the possession charges in justice court. Three months later an Information charging Berger with sale of dangerous drugs was filed in District Court.

Berger appealed the charge, alleging that the 1991 amendments to § 46-11-503, MCA, eliminated the same transaction requirement from § 46-11-503(1)(b), MCA, and expanded the protection of the statute to unrelated offenses. However, this Court ruled that § 46-11-503, MCA, did not bar prosecution of the defendant for sale of dangerous drugs. "Neither the legislative history nor the Commission Comments reveal that the legislature intended to substantively change the application of § 46-11-503, MCA, from prosecutions resulting from the same transaction to unrelated prosecutions." Berger, 856 P.2d at 554.

In the instant case, the defendant has been charged with four separate counts of indecent exposure. The incidents are not part of the same transaction, as they allegedly occurred on four different dates and involve four different victims. The term

5

"same transaction" is defined at § 46-1-202(23), MCA (1991), as follows:

> "Same transaction" means conduct consisting of a series of acts or omissions that are motivated by:
>
> (a) a purpose to accomplish a criminal objective and that are necessary or incidental to the accomplishment of that objective; or
>
> (b) a common purpose or plan that results in the repeated commission of the same offense or effect upon the same person or the property of the same person.

The defendant allegedly exposed himself to different victims on different dates in each of the charged incidents. Therefore, the incidents cannot be part of a plan resulting in the repeated commission of the same offense against the same person.

Because § 46-11-503, MCA, applies only to prosecutions arising from the same transaction, this statute does not bar prosecution of the four counts of indecent exposure. Therefore, we reverse the District Court's decision, and remand for reinstatement of the charges and further proceedings.

Defendant raised other arguments on appeal. Inasmuch as the District Court did not address those other arguments and inasmuch as the defendant has not been convicted of or sentenced on any of the four charges at issue here, defendant's arguments are premature. We decline to address those arguments at this time.

Reversed and remanded.

_____
Justice

We Concur:

_____

6



_____
Justices

Chief Justice J. A. Turnage did not participate.

7

Justice Terry N. Trieweiler dissenting.

I dissent from the majority opinion.

In its opinion, the majority observes that the District Court did not have the benefit of the decision in *State v. Berger* (1993), 259 Mont. 364, 856 P.2d 552, and therefore, misapplied § 46-11-503, MCA. However, the District Court applied § 46-11-503, MCA, correctly. It is the majority who misapplied that section in *Berger* by adding language to the statute which the Legislature did not include simply because the majority thinks it ought to be there.

The majority erroneously concludes that when, in 1991, the Legislature removed the "same transaction" language from § 46-11-503, MCA, it did not mean to do so, and therefore, the majority, in its wisdom, has restored that language to the statute. In doing so, the majority has, in the *Berger* decision, and again in this case, greatly exceeded its judicial authority. It is *Berger* which should be reversed—not the District Court.

The relevant portion of § 46-11-503, MCA, is plain and clear on its face. It provides that:

> (1) When two or more offenses are known to the prosecutor, are supported by probable cause, and are consummated prior to the original charge and jurisdiction and venue of the offenses lie in a single court, a prosecution is barred if:
> . . . .
> (b) the former prosecution resulted in a conviction that has not been set aside, reversed, or vacated . . . .

As pointed out in my dissent to *Berger*, the majority held otherwise by inserting into § 46-11-503(1), MCA, the requirement

8

that the offenses be part of the "same transaction." In doing so, the majority violated a cardinal principle of statutory construction. Section 1-2-101, MCA, provides as follows:

> In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.

While once again ignoring the plain language of the statute, the majority has based its decision on its contention that the Legislature did not mean to say what it clearly did say when it amended § 46-11-503, MCA. Therefore, the majority ignores the plain language of that section in favor of what it concludes was the Legislature's intent. However, in doing so, the majority has violated a second rule of construction which we have previously articulated in our decisions.

In *White v. White* (1981), 195 Mont. 470, 473-74, 636 P.2d 844, 845-46, we held that:

> The intention of the legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of interpretation. *Haker v. Southwestern Railway Co.* (1978), 176 Mont. 364, 578 P.2d 724; *Montana Assn. of Underwriters v. State of Montana* (1977), 172 Mont. 211, 563 P.2d 577. Where the language of a statute is plain, unambiguous, direct and certain there is nothing left for the court to construe. *Doull v. Wohlschlager* (1963), 141 Mont. 354, 377 P.2d 758; *National Electric Contractors Assn. v. State Board of Education* (1960), 137 Mont. 382, 352 P.2d 258; *Vaughn & Ragsdale Co. v. State Board of Equalization* (1939), 109 Mont. 52, 96 P.2d 420. The function of the Court in construing a statute is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA. In short, it is simply the duty of the Supreme Court to

9

construe the law as it finds it. *Dunphy v. Anaconda Co.* (1968), 151 Mont. 76, 438 P.2d 660, and cases cited therein.

In *State v. Hubbard* (1982), 200 Mont. 106, 111, 649 P.2d 1331, 1333, we held that "[t]here is simply no reason for the use of legislative history to construe a statute where the language is clear and unambiguous on its face."

Even more recently, in *Dom v. Board of Trustees of Billings School District* (1983), 203 Mont. 136, 144, 661 P.2d 426, 430, we held that:

> The primary tool for ascertaining intent is the plain meaning of the words used. The Court properly refers to legislative history only when intent cannot be determined from the content of the statute. The instant statute does not necessitate such an inquiry.

In this case, defendant was charged on March 31, 1993, with three counts of indecent exposure which were alleged to have occurred on the dates of March 20, 22, and 31, 1993. However, on the date that he was charged with these three offenses, the Chief of Police had already received complaints regarding the four offenses with which defendant was subsequently charged on April 16, 1993. An investigation had been conducted; defendant's description had been given; and the Chief of Police admitted that based on the information in the Police Department's investigative files, and defendant's responses to questioning, he strongly suspected that defendant had committed the previous offenses. The only additional evidence that was obtained by the State prior to charging defendant with the additional four offenses was the victims' positive identification in response to a photographic lineup. However, even

10

this information was obtained by April 5, 1993, two days before defendant was sentenced on the original three charges. Therefore, I conclude, as did the District Court, that all of the necessary elements were present for the application of § 46-11-503, MCA:

1. All of the offenses which were charged on April 16, 1993, were known to the State when defendant was charged with three separate offenses on March 31, 1993;

2. There was probable cause to file all charges against defendant when the original three charges were filed, and at least before defendant was sentenced for the two charges to which he pled guilty;

3. All of the offenses which are the subject of the April 16, 1993, information were committed prior to the charges which were filed on March 31; and

4. Because a third offense of indecent exposure is punishable as a felony, jurisdiction for all offenses, if filed concurrently, would have been in the District Court.

This case is a perfect example of the reason why § 46-11-503, MCA, was enacted and should be applied as written. Section 45-5-504, MCA, provides that a first conviction of indecent exposure is punishable by a fine not to exceed $500 and imprisonment for not more that six months. A second conviction is also punishable as a misdemeanor. The fine shall not exceed $1000, and the term of imprisonment shall not be more than one year. However, subsection (c) provides that a third conviction is

11

punishable by a fine of up to $10,000 and imprisonment for a period of up to five years, or both.

In this case, defendant was taken before the City Court without an attorney. It is true that his rights were explained to him and that he waived his right to be represented. However, the only consequences of his waiver and plea that were ever explained to him were the potential misdemeanor penalties. Defendant pled guilty to two counts of indecent exposure, not knowing that those two convictions would be the predicate for felony charges based on conduct already committed and reported, but not yet charged. In other words, whether it was by design or inadvertence on the State's part, defendant was sandbagged.

Nine days after his plea entry to two misdemeanor charges, the State brought its motion for leave to file an information alleging four incidents of indecent exposure, all of which occurred prior to defendant's unrepresented guilty plea, and the consequences of which could be a $40,000 fine and 20 years in prison. As pointed out, the unfairness of this whole process was recognized by the District Court, when in response to the State's argument that defendant waived his rights in the City Court, it pointed out that:

> THE COURT: But he didn't ask for an attorney when he was charged with two misdemeanors. But because he pled guilty to the two misdemeanors, he's now looking at 20 years in the Montana State Prison?
>
> MR. YOUNG: But, your Honor, isn't that the same for anyone who comes into the Court and pleads guilty to a domestic abuse, and then later is charged with a third offense?

12

THE COURT: If the third offense occurs later. But if he committed all three at the time he comes in and pleads guilty to two -- and your file is sitting there with all the information about the third one -- shouldn't you be required to charge him with all three at the same time so he knows what he is faced with? That's the Defendant's argument, is that the police file contained every bit of information that is now in this felony file. The only difference was that the Sergeant drove out with the photo I.D. after he had entered the guilty plea to two offenses, and those victims then identified this Defendant.

The majority was wrong when in *Berger* it added language to a statute in order to accomplish what the majority concluded was the appropriate result. This case clearly illustrates the error of, and potential for unfairness from, the majority's decision. The majority should admit its mistake and affirm the order of the District Court.

For these reasons, I dissent from the majority opinion.

_____
Justice

Justice William E. Hunt, Sr., joins in the foregoing dissent.

_____
Justice

13

April 11, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Mitchell A. Young
LAKE COUNTY ATTORNEY'S OFFICE
106 Fourth Avenue East
Polson, MT 59860-2183


Hon. Joseph Mazurek
Attorney General
Justice Building
Helena, MT 59620


Deborah Kim Christopher
FRENCH, MERCER & GRAINEY
P. O. Box 450
Polson, MT 59860


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy