No. 97-689

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 344

STATE OF MONTANA, ex rel.

DONALD FRANKLIN BOOTH, JR.,

Relator,

v.

MONTANA TWENTY-FIRST JUDICIAL

DISTRICT, RAVALLI COUNTY,

THE HON. JEFFREY H. LANGTON, Presiding,

Respondent.

ORIGINAL PROCEEDING: Writ of Supervisory Control

COUNSEL OF RECORD:

For Relator:

J. G. Shockley (argued), Attorney at Law, Victor, Montana

For Respondent:

George H. Corn (argued), Ravalli County Attorney, Hamilton, Montana

Argued:  June 16, 1998

Submitted:  June 30, 1998

Decided: December 31, 1998

Filed:

_____

Justice Karla M. Gray delivered the Opinion of the Court.

.

**¶1. Donald Franklin Booth, Jr. (Booth) was involved in an automobile accident on July 23, 1996, which resulted in the death of two persons and the serious injury of a third. Montana Highway Patrol (MHP) Sergeant Warren Schiffer (Sergeant Schiffer) investigated the accident and, in a report dated August 27, 1996, concluded that Booth was the principal cause of the accident based on his alcohol consumption prior thereto.**

**¶2. On September 24, 1996, MHP Officer Rick Schmauch (Officer Schmauch) cited Booth in the Ravalli County Justice Court for driving under the influence of alcohol (DUI) at the time of the July accident. Booth pleaded guilty to the DUI charge in Justice Court on December 11, 1996. Two days later, the State of Montana (State) sought leave of the Twenty-First Judicial District Court, Ravalli County, to file an information charging Booth with two counts of felony negligent homicide, one count of misdemeanor negligent vehicular assault and one count of misdemeanor DUI, all arising out of the July accident. Leave was granted and the information was filed. Booth appeared in the District Court thereafter and advised that he had pleaded guilty to the DUI offense in the Justice Court.**

**¶3. Booth subsequently moved the District Court to dismiss all of the charges contained in the information. He contended that the entire prosecution was barred based on his guilty plea to the DUI charge in the Justice Court. The State agreed that the DUI charge should be dismissed based on the Justice Court proceeding, but maintained that it was not barred from prosecuting the negligent homicide and negligent vehicular assault charges. The District Court ultimately concluded that prosecution of the misdemeanor DUI and negligent vehicular assault charges was barred and granted Booth's motion to dismiss those charges. It also concluded,**

however, that prosecution of the felony negligent homicide charges was not barred and denied Booth's motion to dismiss those charges.

¶4. Booth filed an application for a writ of supervisory control requesting this Court to assume original jurisdiction of this matter to correct what he contended was the District Court's error in denying his motion to dismiss the negligent homicide charges. In an order dated December 8, 1997, we ordered the State to respond to Booth's application and, on June 16, 1998, we heard oral argument.

## Propriety of Supervisory Control

¶5. Article VII, Section 2 of the Montana Constitution gives this Court "original jurisdiction to issue, hear, and determine writs . . . ." Supervisory control is appropriate when a district court is proceeding under a mistake of law and in so doing is causing a gross injustice for which an appeal is not an adequate remedy. State v. Mont. Judicial Dist. Court (1997), 281 Mont. 285, 290-91, 933 P.2d 829, 832-33 (citations omitted). It remains an extraordinary remedy, however, to be exercised only in extraordinary circumstances. State v. Dist. Court of Fourth Jud. Dist. (1996), 277 Mont. 349, 352, 922 P.2d 474, 476 (citations omitted).

¶6. Here, the issue of whether Booth can be prosecuted for two counts of negligent homicide implicates double jeopardy considerations. If the District Court's conclusion that the prosecution is not barred proved--on appeal--to be incorrect, Booth would have been subjected to prosecution notwithstanding his entitlement to avoid the prosecution altogether. Under such a circumstance, it is clear that appeal would not be an adequate remedy. *See* Keating v. Sherlock (1996), 278 Mont. 218, 224-25, 924 P.2d 1297, 1300-01. As a result, we determine that Booth's application presents legal issues which are appropriate for this Court to resolve through a writ of supervisory control.

## Issues

*¶7. 1. Did the District Court err in concluding that Booth's prosecution for negligent homicide is not barred by § 46-11-503, MCA?*

¶8. 2. Did the District Court err in concluding that Booth's prosecution for negligent homicide is not barred by § 46-11-504, MCA (1995)?

¶9. 3. Does the State's prosecution of Booth for negligent homicide violate the double jeopardy provision contained in Article II, Section 25 of the Montana Constitution?

*Standard of Review*

¶10. A district court's denial of a motion to dismiss criminal charges is a matter of law which we review *de novo*, determining only whether the court correctly interpreted the law. State v. Bowles (1997), 284 Mont. 490, 492, 947 P.2d 52, 53 (citation omitted).

*Discussion*

¶11. 1. Did the District Court err in concluding that Booth's prosecution for negligent homicide is not barred by § 46-11-503, MCA?

¶12. Section 46-11-503, MCA, provides, in pertinent part:

(1) When two or more offenses are known to the prosecutor, are supported by probable cause, and are consummated prior to the original charge and jurisdiction and venue of the offenses lie in a single court, a prosecution is barred if:

. . . .

(b) the former prosecution resulted in a conviction that has not been set aside, reversed, or vacated[.]

Booth contended that the prosecutor knew of all the offenses, the offenses were supported by probable cause, the offenses had been consummated prior to the DUI charge in the Justice Court, and jurisdiction and venue of all the offenses were in the District Court under § 3-5-302(2)(a), MCA. Since his "former prosecution" on the DUI charge in the Justice Court resulted in a conviction neither set aside, reversed or vacated, Booth argued that the express language of § 46-11-503(1)(b), MCA, bars his prosecution on the negligent homicide charges in the District Court.

¶13. Relying on State v. Tadewaldt (1996), 277 Mont. 261, 922 P.2d 463, the District

Court interpreted § 46-11-503(1), MCA, to apply only when jurisdiction and venue lie in a single court and "the former prosecution of an offense 'in that same court' arises out of the same transaction as the subsequent offense charged in that court." In other words, the District Court interpreted the single court criterion in § 46-11-503 (1), MCA, as requiring that both the former prosecution and the subsequent prosecution occur in the same court and, since the "former prosecution" was in the Justice Court and the negligent homicide charges were filed in the District Court, the statutory "single court" criterion was not met. On that basis, the District Court concluded that prosecution of the negligent homicide charges was not barred by § 46-11-503(1)(b), MCA. The District Court's reliance on *Tadewaldt* was misplaced.

¶14. In *Tadewaldt*, we addressed whether the district court erred in concluding that § 46-11-504(1), MCA, did not bar prosecution of a drug charge. *Tadewaldt*, 277 Mont. at 263,

922 P.2d at 464. The case did not involve § 46-11-503, MCA, and, indeed, we resolved the § 46-11-504, MCA, issue by addressing the "same transaction" component contained therein. *Tadewaldt*, 277 Mont. at 265-67, 922 P.2d at 465-66. We did not address the "jurisdiction" component contained in § 46-11-504, MCA (*Tadewaldt*, 277 Mont. at 267, 922 P.2d at 467) which, in any event, differs significantly from the "jurisdiction and venue in a single court" portion of § 46-11-503(1), MCA, the statute presently before us.

¶15. Section 46-11-503(1), MCA, by its terms, requires that jurisdiction and venue of all offenses at issue lie in a single court. It does not require that both the former and the subsequent prosecution occur in the same court. On that basis, it is clear that the District Court incorrectly interpreted § 46-11-503(1), MCA.

¶16. Although the court's interpretation of the "single court" criterion was wrong, its ultimate conclusion that § 46-11-503(1)(b), MCA, does not bar prosecution of Booth for negligent homicide is correct for the reasons discussed below. "We affirm district court decisions which are correct regardless of the court's reasoning in reaching the decision." State v. Huether (1997), 284 Mont. 259, 264, 943 P.2d 1291, 1294 (citation omitted).

¶17. We turn, then, to § 46-11-503(1)(b), MCA, to determine whether the statutory criteria necessary to bar the negligent homicide prosecutions in this case are met. The record is clear that the prosecutor knew of all the offenses, and that they were

supported by probable cause, on or shortly after August 27, 1996, the date of Sergeant Schiffer's report concluding that Booth had caused the accident which resulted in two deaths and serious injury to a third person by his alcohol consumption. It also is clear that all the offenses were consummated on July 23, 1996, the date of the accident, approximately two months prior to the original DUI charge by Officer Schmauch in the Justice Court. Finally, Booth indisputably was convicted of the DUI in the Justice Court and that conviction has not been set aside, reversed or vacated. Thus, four of the statutory criteria necessary to bar the prosecution of Booth for negligent homicide are satisfied here.

¶18. The only remaining criterion expressly set forth in § 46-11-503(1)(b), MCA, is that jurisdiction and venue of all the offenses must lie in a single court. Moreover, while we have interpreted § 46-11-503(1), MCA, as applying "only to prosecutions arising from the same transaction" (*see* State v. Berger (1993), 259 Mont. 364, 368, 856 P.2d 552, 554; State v. Waldrup (1994), 264 Mont. 456, 458-59, 872 P.2d 772, 774, the "jurisdiction and venue in a single court" criterion encompasses and resolves the "same transaction" question in the present case. As a result, we need not apply *Berger* and *Waldrup* here.

¶19. Booth relies on § 3-5-302(2)(a), MCA, in arguing that the District Court had jurisdiction and venue of all the offenses at issue in this case. Section 3-5-302(2)(a), MCA, provides that district courts have concurrent original jurisdiction with justice courts of "misdemeanors arising at the same time as and out of the same transaction as a felony or misdemeanor offense charged in district court[.]" Booth contends that the misdemeanor DUI arose at the same time as the felony negligent homicides charged in the District Court because all the offenses "arose" at the time of the accident on July 23, 1996. We need not address whether all the offenses arose at the same time, however, since § 3-5-302(2)(a), MCA, is written in the conjunctive and also requires that the misdemeanor arise "out of the same transaction" as the felony offenses charged in the District Court before that court obtains jurisdiction over the misdemeanor.

¶20. The statutory definition of "same transaction" is set forth in § 46-1-202(22), MCA, which provides, in pertinent part:

"Same transaction" means conduct consisting of a series of acts . . . motivated by:

(a) a purpose to accomplish a criminal objective and that are necessary or incidental to the accomplishment of that objective . . . .

Applying that definition to the offenses at issue in this case, we conclude that the DUI and negligent homicide offenses did not arise out of the same transaction.

**¶21. We previously have addressed whether DUI and other offenses arose out of the "same transaction" as that term is defined in § 46-1-202(22), MCA. In *Tadewaldt*, for example, the defendant was arrested for DUI after ingesting an unidentified substance and driving his vehicle; after the arrest, dangerous drugs were found in his possession. He pled guilty to the DUI charge in municipal court and was charged with felony possession of dangerous drugs in district court. *Tadewaldt,* 277 Mont. at 263, 922 P.2d at 464. After judgment was entered on the DUI charge, the defendant moved to dismiss the felony offense on the grounds that the subsequent prosecution was barred, but the district court determined it did not arise out of the same transaction. *Tadewaldt,* 277 Mont. at 264-65, 922 P.2d at 464-65.**

**¶22. We affirmed the district court on appeal, determining that the defendant's conduct in possessing the dangerous drugs was not motivated by a purpose to accomplish the "criminal objective" of DUI and was not necessary or incidental to that "objective." As a result, we concluded that the defendant's conduct did not meet the definition of "same transaction." *Tadewaldt,* 277 Mont. at 267, 922 P.2d at 466. Using a similar approach, we recently determined that a defendant's conduct of driving without a license and without proof of insurance was unrelated to his criminal objective of DUI and, therefore, the offenses did not arise out of the same transaction. *See* State v. Couture, 1998 MT 137, ¶12, ___ P.2d ___, ¶12, 55 St.Rep. 548, ¶12. Applying *Tadewaldt* and *Couture* to the present case mandates a conclusion that Booth's conduct in allegedly causing two deaths was not motivated by a purpose to accomplish the "criminal objective" of DUI.**

**¶23. Moreover, a person commits the offense of DUI under § 61-8-401(1), MCA, if he or she is under the influence of alcohol and drives or is in actual physical control of a vehicle upon the ways of this state open to the public. DUI is an absolute liability offense in Montana. Section 61-8-401(7), MCA; State v. West (1992), 252 Mont. 83, 88, 826 P.2d 940, 943 (citation omitted). As such, the offense requires no proof of a mental state. *West*, 252 Mont. at 88, 826 P.2d at 943. The offense of negligent**

homicide, on the other hand, occurs when a person negligently causes the death of another human being. Section 45-5-104(1), MCA. A person acts negligently with respect to a result or a circumstance described by a statute defining an offense by consciously disregarding a risk that the result will occur or that the circumstance exists, or by disregarding a risk of which the person should be aware that the result will occur or that the circumstance exists. Section 45-2-101(42), MCA. "Negligently" is a mental state, like "knowingly" or "purposely," and no person can be found guilty of an offense requiring that mental state unless it is proved that the person acted while having the "negligent" mental state. Section 45-2-103, MCA.

¶24. In this case, it cannot be said that Booth's conduct of driving his vehicle while under the influence of alcohol and negligently causing the death of two people meets the statutory definition of "same transaction." Indeed, Booth's conduct of drinking alcohol and then driving his vehicle was not "motivated by a purpose to accomplish a criminal objective," as required by § 46-1-202(22), MCA. Motivation, purpose and mental state are not relevant with regard to conduct underlying the absolute liability DUI offense. Moreover, while the "negligently" mental state must be established to prove the negligent homicide offenses, it is difficult to see how a negligent act--as opposed to an intentional one--can be "motivated by a purpose to accomplish a criminal objective."

¶25. We conclude that the DUI and negligent homicide offenses did not arise out of the same transaction, as the latter term is defined in § 46-1-202(22), MCA. As a result, we further conclude that the District Court did not have concurrent jurisdiction with the Justice Court over the misdemeanor DUI under § 3-5-302(2)(a), MCA, and, therefore, jurisdiction and venue of all the offenses did not "lie in a single court" as required by § 46-11-503(1), MCA. The "single court" criterion contained in § 46-11-503(1), MCA, not being satisfied here, we hold that § 46-11-503(1)(b), MCA, does not bar prosecution of Booth for the negligent homicides.

¶26. 2. Did the District Court err in concluding that Booth's prosecution for negligent homicide is not barred by § 46-11-504, MCA (1995)?

¶27. Section 46-11-504, MCA (1995), provides:

When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state or of two courts of separate, overlapping, or concurrent

jurisdiction in this state, a prosecution in any other jurisdiction is a bar to a subsequent prosecution in this state under the same circumstances barring further prosecution in this state if:

(1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction[.]

Booth contended that his conduct constituting the offense of DUI was within the concurrent jurisdiction of the Justice Court and the District Court. Therefore, he argued that, because he had been prosecuted for--and convicted of--the DUI in the Justice Court, the subsequent prosecution of the negligent homicide charges in the District Court was barred because it was based on offenses arising out of the same transaction.

**¶28. The District Court determined that the first prosecution resulted in a conviction and the negligent homicide charges arose from the same transaction as the DUI, but that the "concurrent jurisdiction" component of § 46-11-504(1), MCA (1995), was not met because the felony negligent homicide charges were not within the jurisdiction of the Justice Court. On that basis, it concluded that one of the criteria necessary to bar the negligent homicide prosecutions under § 46-11-504(1), MCA (1995), was not satisfied and denied Booth's motion to dismiss the negligent homicide charges. Booth contends that the District Court's analysis of the § 46-11-504(1), MCA (1995), "concurrent jurisdiction" criterion is erroneous, but we need not address that contention.**

**¶29. Like § 46-11-503, MCA, § 46-11-504(1), MCA (1995), is written in the conjunctive; as a result, all three criteria set forth therein--jurisdiction, former acquittal or conviction and same transaction--must be met before a subsequent prosecution is barred. *See Tadewaldt,* 277 Mont. at 267, 922 P.2d at 466 (citations omitted). Moreover, we recently clarified that the "same transaction" criterion in § 46-11-504(1), MCA, must be analyzed using the statutory definition of "same transaction" set forth in § 46-1-202(22), MCA. *Tadewaldt,* 277 Mont. at 269, 922 P.2d at 467.**

**¶30. For the reasons discussed above in our analysis of § 46-11-503, MCA, it is clear that the District Court's "same transaction" determination under § 46-11-504(1), MCA (1995), was erroneous and that the negligent homicides did not arise out of the**

same transaction as the DUI. We can still affirm the District Court on this issue, however, because it ultimately reached the correct result. *See Huether,* 284 Mont. at 264, 943 P.2d at 1294.

¶31. The "same transaction" criterion necessary to bar prosecution pursuant to § 46-11-504(1), MCA (1995), is not satisfied in this case and all three criteria must be met to bar prosecution. For those reasons, we conclude that § 46-11-504(1), MCA (1995), does not bar prosecution of Booth for the negligent homicides. For the same reasons, we need not address whether the District Court correctly applied the "concurrent jurisdiction" criterion contained in § 46-11-504(1), MCA (1995).

¶32. 3. Does the State's prosecution of Booth for negligent homicide violate the double jeopardy provision contained in Article II, Section 25 of the Montana Constitution?

¶33. Booth contended in the District Court that his prosecution for negligent homicide would violate the double jeopardy provisions of both the United States Constitution and the Montana Constitution. The District Court did not separately address the constitutional issues.

¶34. On appeal, Booth abandoned his argument under the United States Constitution, conceding that the negligent homicide prosecution at issue here would not violate the double jeopardy clause contained in the Fifth Amendment to the United States Constitution, and applicable to the states through the Fourteenth Amendment, under recent United States Supreme Court interpretations of that clause. His sole constitutional issue on appeal is premised on the double jeopardy clause contained in Article II, Section 25 of the Montana Constitution, which he contends is more protective than its federal counterpart.

¶35. Booth does not support his contention that Article II, Section 25 provides broader protections to a criminal defendant with any analysis or authorities; he simply "submits" that this is so. However, Rule 23(a)(4), M.R.App.P., requires the party carrying the burden of establishing error--here the relator, Booth--to cite to authority which supports the position being advanced. Moreover, we have made it clear on numerous occasions that we will decline to address an issue when an appellant fails to cite to supporting authority. *See, e.g.,* Rieman v. Anderson (1997), 282 Mont. 139, 147, 935 P.2d 1122, 1126-27; State v. Steffes (1994), 269 Mont. 214,

233, 887 P.2d 1196, 1208 (citations omitted). Because no authority is advanced in support of Booth's argument that the Montana Constitution provides more double jeopardy protection than the United States Constitution, we decline to address this issue further.

¶36. The District Court's order denying Booth's motion to dismiss the negligent homicide charges is affirmed and this case is remanded to the District Court for further proceedings.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

Justice Terry N. Trieweiler dissenting.

¶37. I dissent from the majority's conclusion that § 46-11-503(1)(b), MCA and § 46-11-504(1) MCA (1991), do not bar the serial prosecution of Donald Franklin Booth, Jr., for his conduct which caused the collision in which he was involved on July 23, 1997. I conclude that serial prosecution of a defendant, under circumstances such as those present in this case, is exactly what these two statutes were intended to prohibit, and by their plain language do prohibit.

¶38. Section 46-11-503(1)(b), MCA, provides that:

When two or more offenses are known to the prosecutor, are supported by probable cause, and are consummated prior to the original charge and jurisdiction and venue of the offenses lie in a single court, a prosecution is barred if:

. . . .

(b) the former prosecution resulted in a conviction that has not been set aside, reversed, or vacated . . . .

¶39. The majority does not disagree that the offense of driving under the influence of alcohol, and the alleged offense of negligent homicide, were both known to the prosecutor, and that probable cause existed for both charges prior to September 24, 1996, the date on which Booth was charged in Justice Court with driving under the influence of alcohol. Nor does the majority disagree that the conduct which gave rise to both charges occurred prior to the Justice Court charge, or that the Justice Court charge resulted in a conviction which has not been set aside, reversed, or vacated.

¶40. The majority simply concludes that § 46-11-503, MCA, does not bar Booth's prosecution for negligent homicide because jurisdiction and venue for the misdemeanor DUI offense and the felony homicide offense did not lie in a single court.

¶41. The majority acknowledges that § 3-5-302(2), MCA, gave the District Court concurrent original jurisdiction of a misdemeanor if it arose out of the same transaction as a felony charged in the District Court. However, the majority concludes that the District Court had no jurisdiction over this misdemeanor (driving under the influence of alcohol) because, based on the definition of "same transaction" found at § 46-1-202(22), MCA, the two charges did not arise out of the same transaction. However, what the majority overlooks is the introductory language to § 46-1-202, MCA, which provides that: "As used in this title, unless the context requires otherwise, the following definitions apply." The term "same transaction," with which we are concerned for purposes of applying § 46-11-503, MCA, is not used in Title 46--it is used in Title 3. Furthermore, even though the term "same transaction" is found in Title 46 for purposes of applying § 46-11-504(1), MCA

(1991), the context in which the term is used in that statute requires a definition other than the one relied on by the majority; otherwise, the purpose of the statute, which is to prohibit serial prosecutions for conduct arising out of the same incident, is defeated. The definitional statute fully anticipated this kind of problem when it provided that the definitions contained therein would not apply when "the context requires otherwise."

¶42. In order to give effect to the obvious purpose of §§ -503 and -504, I would apply the definition of "same transaction" discussed in the double jeopardy context by the New Hampshire Supreme Court in *State v. Gosselin* (N.H. 1977), 370 A.2d 264, where that court stated that the "same transaction" test

requires the prosecution 'to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction.' *Ashe v. Swenson*, 397 U. S. 436, 453-54, 90 S.Ct. 1189, 1199, 35 L.Ed.2d 469 (1970) (Brennan, J., concurring); *Duncan v. Tennessee*, 405 U.S. 127, 132, 92 S.Ct. 785, 31 L.Ed.2d 86 (1972) (Brennan, J., dissenting).

*Gosselin*, 370 A.2d at 268. Although the New Hampshire Supreme Court did not apply the "same transaction" principle to double jeopardy issues, the language used in that decision to define "same transaction" should be applied to the enforcement of statutory laws, such as §§ -503 and -504, which are designed to prevent the serial prosecution of a person for two or more crimes arising out of the same occurrence. The majority's definition of "same transaction," as used in §§ -503 and -504, makes no sense, defeats the important purpose for which these statutes were enacted, and effectively amends the protections they afford out of existence.

¶43. For these reasons, I dissent from the majority opinion.

/S/ TERRY N. TRIEWEILER

Justice William E. Hunt, Sr., joins in the foregoing dissenting opinion.

No

/S/ WILLIAM E. HUNT, SR.