No. 02-081

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 238N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

ALANNA NONNEMACHER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade,
Honorable Julie Macek, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

            Kelli S. Sather, Deputy Public Defender, Missoula, Montana

            Carl B. Jenson, Jr., Deputy Public Defender, Great Falls, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Ilka Becker, Assistant
Attorney General, Helena, Montana

            Brant Light, County Attorney; Joel Thompson, Deputy County Attorney,
Great Falls, Montana

                Submitted on Briefs:  June 27, 2002

                          Decided:  October 24, 2002

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Alanna Nonnemacher (Nonnemacher) appeals from her conviction in the Eighth Judicial District Court of felony burglary and misdemeanor theft.  We affirm.

¶3    The following issues are raised on appeal:

¶4    (1)  Whether the District Court violated Nonnemacher's constitutional right to appear and defend by conducting an omnibus hearing in her absence;

¶5    (2)  Whether the District Court abused its discretion by denying Nonnemacher's request to voir dire a witness outside the presence of the jury;

¶6    (3)  Whether the District Court abused its discretion by denying Nonnemacher's motion for a directed verdict; and

¶7    (4)  Whether a condition of probation, restricting Nonnemacher from using or possessing alcoholic beverages, should be stricken as unrelated to the offenses of conviction.

FACTUAL AND PROCEDURAL BACKGROUND

¶8    On April 2, 2001, Great Falls Police Officer Eric Baumman responded to a report of burglary and theft at Café Earth, a restaurant located on the first floor of the Roberts

2

Apartment Building in Great Falls. Based on the statements of restaurant employees, Officer Baumann suspected that Nonnemacher, a resident and manager of the apartment building, had committed the crimes. During a police station interview with Baumman, Nonnemacher signed a written waiver of her *Miranda* rights, and proceeded to explain to Baumann that on March 26, 2001, she obtained a key to Café Earth from a lock box containing the keys to all the businesses in the apartment building. She admitted entering the restaurant that evening through a back door and taking the money from a register. Although the initial confession was not recorded, Baumman created a videotape of Nonnemacher completing the written confession and answering follow up questions about her statements. Nonnemacher was subsequently charged with burglary, in violation of § 45-6-204(1), MCA, and misdemeanor theft in violation of § 45-6-301(1)(a), MCA.

¶9   On June 27, 2001, the District Court held an omnibus hearing to discuss certain pretrial matters, including Nonnemacher's notice of reliance on particular defenses, motions to suppress and dismiss, joinder and severance of offenses, and stipulations. Although she was represented by counsel at the hearing, Nonnemacher was not informed about the proceeding and did not attend. During the hearing, Nonnemacher's attorney indicated that Nonnemacher was fit to  proceed, that Nonnemacher intended to raise the affirmative defense of compulsion, that she would not introduce evidence of good character or mental disease or defect, and that she intended to file pretrial motions to suppress statements. Both the county attorney and Nonnemacher's attorney reviewed and signed the Omnibus Hearing Memorandum, stipulating to its entry by the District Court.

3

¶10  During the State's case-in-chief, Brianne Manning, an employee of Café Earth, testified about Nonnemacher's access to the restaurant.  Manning's testimony focused on whether, and for what purpose, Nonnemacher had a key to the restaurant.  Manning stated that, prior to the burglary, Nonnemacher had indicated that she was given a key to Café Earth for emergency purposes.  Nonnemacher requested to voir dire Manning to determine the basis of the testimony.  The District Court denied the request, but sustained several hearsay objections raised by Nonnemacher in response to Manning's statements.

¶11  Following the State's case-in-chief, Nonnemacher moved for a directed verdict on the burglary charge.  She argued that the State failed to establish that she had unlawfully entered Café Earth after hours.  The State responded by citing Manning's testimony that Nonnemacher did not have access to Café Earth.  Manning had indicated that she would have called the police if she had seen Nonnemacher in the restaurant after hours.  The State argued that Manning's testimony, coupled with Nonnemacher's confession and the videotape, was sufficient to survive the motion for a directed verdict.  The District Court agreed and held that the State had presented sufficient evidence for the burglary charge to go to the jury.  Nonnemacher then testified on her own behalf.  She stated that, as the manager of the Roberts Apartments, she had keys to all the businesses located in the building, including Café Earth.

¶12  The jury found Nonnemacher guilty of felony burglary and misdemeanor theft, and the District Court ordered Nonnemacher

4

committed to the Department of Corrections for a term of five years and six months. In addition, as a condition of pre-release or acceptance into an Intensive Supervision Program, the District Court restricted Nonnemacher from using or possessing alcoholic beverages, or entering any establishment where alcohol is the chief item of sale, including gambling establishments and casinos. Notwithstanding its decision to impose the restriction, the District Court noted that Nonnemacher did not use drugs or alcohol, and that the burglary and theft were not drug related.

DISCUSSION

I

¶13 Whether the District Court violated Nonnemacher's constitutional right to appear and defend by conducting the June 27, 2001, omnibus hearing in her absence.

¶14 Nonnemacher argues that she was excluded from the omnibus hearing, in violation of Article II, Section 24, of the Montana Constitution, when the District Court failed to inform her that she could attend. Nonnemacher suggests that the District Court was obligated to notify her of her constitutional right to be present at the hearing. In response, the State argues that since Nonnemacher's presence at the hearing was optional, neither the District Court nor the county attorney had a duty to notify Nonnemacher that she could attend the hearing.

¶15 We agree with the State that the District Court did not commit reversible error by failing to inform Nonnemacher that she could attend the omnibus hearing. Section 46-13-110(3), MCA, governing

5

omnibus hearings, provides that "[t]he presence of the defendant is not required." Nonnemacher has not questioned the constitutional validity of § 46-13-110(3), MCA, and, absent such a challenge, we will apply the statute according to its terms. *State v. Kills on Top* (1990), 243 Mont. 56, 102, 793 P.2d 1273, 1304. Under the language of § 46-13-110(3), MCA, the District Court clearly was not obligated to explain to Nonnemacher that she could attend the hearing.

¶16 Furthermore, Nonnemacher has not established, nor has she argued, that her absence from the omnibus hearing resulted in prejudice to her defense. We have stated that a trial court's failure to hold an omnibus hearing is not reversible error absent a showing of prejudice. *State v. Hildreth* (1994), 267 Mont. 423, 427-29, 884 P.2d 771, 774-75. Nonnemacher declines to identify the specific harm that resulted when the District Court and the attorneys discussed pretrial issues in her absence. Rather, she offers only a general remark that the District Court, the State, and her own defense counsel addressed "crucial pretrial matters" during the hearing, and that the "discussion of these issues should not be done outside the presence of a defendant." Absent a specific showing of prejudice, we conclude that any error is not reversible.

II

¶17 Whether the District Court abused its discretion by denying Nonnemacher's request to voir dire a witness outside the presence of the jury.

¶18 Our standard of review of a discretionary trial court ruling in a criminal case is whether the trial court abused its

6

discretion. *State v. Sullivan* (1994), 266 Mont. 313, 324, 880 P.2d 829, 836; *State v. Mergenthaler* (1993), 263 Mont. 198, 204, 868 P.2d 560, 563; *State v. Later* (1993), 260 Mont. 363, 364, 860 P.2d 135, 136.

¶19 Nonnemacher argues that the District Court should have allowed her to voir dire the State's witness, Brianne Manning, outside the presence of the jury. She also suggests that the District Court was obligated to admonish the jury about Manning's hearsay statements. Nonnemacher contends that by not admonishing the jury or granting the voir dire request, the District Court allowed the jury to hear continuous hearsay testimony for which no foundation was laid.

¶20 Nonnemacher offers no legal support for these assertions; and we have declined to consider unsupported arguments on appeal. *State v. Peterson*, 2002 MT 65, ¶ 24, 309 Mont. 199, ¶ 24, 44 P.3d 499, ¶ 24 (citing *State ex rel. Booth v. Montana Twenty-first Judicial Dist.*, 1998 MT 344, ¶ 35, 292 Mont. 371, ¶ 35, 972 P.2d 325, ¶ 35). An appellant carries the burden of establishing error by the trial court. Rule 23 of the Montana Rules of Appellate Procedure requires that the appellant do so by citing to authority which supports the position being advanced. Nonnemacher offers no authority, statutory or otherwise, in support of her assertion that the District Court was obligated to instruct the jury about the inadmissibility of hearsay, or to allow Nonnemacher to voir dire Manning outside the presence of the jury. It appears, also, that Nonnemacher never requested the District Court to admonish the jury about the hearsay statements, and

7

instead, raises the instruction issue for the first time on appeal. Thus, Nonnemacher has not established that she was entitled to an opportunity to voir dire Manning or that the District Court should have admonished the jury about Manning's hearsay statements.

¶21 In addition, Nonnemacher does not suggest that the court's rejection of the voir dire request resulted in prejudice to her defense. In fact, the record demonstrates that Nonnemacher offered much of the same testimony solicited from Manning. Nonnemacher admitted to possessing a key to the restaurant for emergency purposes. Nonnemacher stated that she was given a key to Café Earth, that the key was kept in a lock-box, and that the key was to be used to "let emergency personnel in if there was smoke, or if there was a fire, or if something happened." To the extent that Nonnemacher's testimony was similar to Manning's, no harm could have resulted from Manning's statements about Nonnemacher's access to Café Earth. In the absence of a showing of harm, and because Nonnemacher's presumptions about the duties of the District Court are unsupported, we conclude that the District Court did not abuse its discretion by denying Nonnemacher's voir dire request.

III

¶22 Whether the District Court abused its discretion by denying Nonnemacher's motion for a directed verdict.

¶23 Our standard of review of a trial court's decision to deny a criminal defendant's motion for a directed verdict is for abuse of discretion. *State v. Brady*, 2000 MT 282, ¶ 20, 302 Mont. 174, ¶ 20, 13 P.3d 941, ¶ 20 (citing *State v. Bromgard* (1993), 261 Mont.

8

291, 293, 862 P.2d 1140, 1141). When the evidence in a criminal case is insufficient to support a guilty verdict, the trial court may, either on its own motion or on a motion of the defendant, dismiss the action and discharge the defendant. Section 46-16-403, MCA. A defendant is entitled to a directed verdict of acquittal if reasonable persons could not conclude from the evidence, taken in a light most favorable to the State, that guilt was proven beyond a reasonable doubt. *Bromgard*, 261 Mont. at 293, 862 P.2d at 1141.

¶24 Nonnemacher argues that the District Court should have granted her motion for a directed verdict on the burglary charge because the State failed to establish that she unlawfully entered the restaurant after hours. She maintains that the only evidence offered by the State regarding her right to be in Café Earth after hours included Brianne Manning's inadmissable hearsay statements that Nonnemacher had obtained a key to the restaurant for emergency purposes.

¶25 We agree with the District Court that the evidence, viewed in a light most favorable to the State, was sufficient to go to the jury. The code section under which Nonnemacher was convicted provides that "[a] person commits the offense of burglary if he knowingly enters or remains unlawfully in an occupied structure with the purpose to commit an offense therein." Section 45-6-204(1), MCA. Nonnemacher fails to acknowledge that the District Court denied her motion on the basis of testimony from both Manning and Officer Baumman, as well as Nonnemacher's own confession, all of which suggest that Nonnemacher entered Café Earth unlawfully. The record indicates that Manning testified that she would have notified

9

the police if she had discovered Nonnemacher in Café Earth after hours. In response to the question of whether Nonnemacher should have been in the restaurant, Manning stated that "there wouldn't be any reason for her to be in there unless there was flames coming out of the building." In addition, Officer Baumman testified that Nonnemacher confessed to obtaining a key to Café Earth from a lock-box in the office of the Roberts Apartments, entering the restaurant through the back door, and taking money from the register. In light of this testimony and Nonnemacher's own confession, we conclude that the District Court did not abuse its discretion by denying Nonnemacher's motion for a directed verdict.

IV

¶26 Whether the condition of probation restricting Nonnemacher from using or possessing alcoholic beverages should be stricken as unrelated to the charged offenses.

¶27 Our standard of review of a criminal sentence is limited to questions of legality and is confined to whether the sentence is within the parameters provided by statute. *State v. Muhammad*, 2002 MT 47, ¶ 18, 309 Mont. 1, ¶ 18, 43 P.3d 318, ¶ 18 (citing *State v. Pritchett*, 2000 MT 261, ¶ 6, 302 Mont. 1, ¶ 6, 11 P.3d 539, ¶ 6).

¶28 Nonnemacher argues that there is no nexus between the charged offenses of burglary and theft and the requirement that she not use or possess any alcoholic beverages or be under the influence of alcohol. Citing *State v. Ommundson*, 1999 MT 16, ¶ 11, 293 Mont. 133, ¶ 11, 974 P.2d 620, ¶ 11, Nonnemacher maintains that there must be a relationship between the underlying charge and the condition of the sentence given. Section 46-18-202(1), MCA, allows

the imposition of limitations "reasonably related to the objectives of rehabilitation and the protection of the victim and society."

¶29  In *Ommundson*, we interpreted this statute as requiring that a sentencing condition have some "corrolation or connection to the underlying offense for which the defendant is being sentenced." ¶ 11.  Applying this standard, we held that a condition of the defendant's sentence, requiring participation in a sex offender treatment program, was unrelated to the charged offense of DUI. *Ommundson*, ¶¶ 11, 12.  There was no evidence that treatment for indecent exposure would curtail the incidence of alcohol abuse or DUI by the defendant in society. *Ommundsun*, ¶ 12.  Similarly, in the present case, the condition of probation restricting Nonnemacher from using or possessing alcoholic beverages is not reasonably related to Nonnemacher's rehabilitation or the protection of society.  According to Nonnemacher's probation and parole officer, Nonnemacher was under his supervision for five years and had not used alcohol or drugs during that time.  In light of the officer's testimony, the District Court noted that neither alcohol nor drugs seemed to be the reason for Nonnemacher's conduct.  The State also concedes, in its brief, that because there was no evidence presented to the District Court indicating that the offenses were drug or alcohol related, the sentence should be stricken.  We conclude that the condition of probation restricting Nonnemacher from using or possessing alcoholic beverages should be stricken as unrelated to the charged offenses.

CONCLUSION

11

¶30 In summary, we affirm Nonnemacher's conviction of felony burglary and misdemeanor theft; and we order stricken from the District Court's November 13, 2001 Judgment of Conviction and Sentencing Order that portion of Nonnemacher's sentence which restricts Nonnemacher from using or possessing alcoholic beverages, or entering establishments where alcohol is the chief item of sale. The remaining provisions of the sentence are affirmed.

/S/ W. WILLIAM LEAPHART

We concur:


/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE