No. 03-521

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 88N

STATE OF MONTANA,

               Plaintiff and Respondent,

   v.

KAREN LEAH HUGHES,
a/k/a KAREN WOLTER,
a/k/a KAREN ECKENROD,

               Defendant  and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                       In and For the County of Missoula, Cause No. DC-02–197
                       Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Margaret L. Borg, Chief Public Defender, Missoula, Montana

       For Respondent:

              Honorable Mike McGrath, Attorney General; C. Mark Fowler,
              Assistant Attorney General, Helena, Montana

              Fred VanValkenburg, Missoula County Attorney; Jennifer Johnson,
              Deputy Missoula County Attorney, Missoula, Montana

                        Submitted on Briefs:  March 16, 2004

                                 Decided:  April 6, 2004

Filed:

                    _____
                               Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Karen Leah Hughes (Hughes) appeals her conviction of felony theft and deceptive practices. Hughes had moved to dismiss the charges because trial was not held within 180 days after she gave notice of her wish for a final disposition, as required under the Interstate Agreement on Detainers (IAD), codified in Montana at § 46-31-101, MCA. After the Fourth Judicial District Court, Missoula County, denied her motion to dismiss, Hughes pled guilty, reserving her right to appeal the denial of her motion to dismiss, and the District Court entered judgment against her. We affirm.

¶3    The issue is whether the District Court correctly concluded Hughes had waived the 180-day IAD time limit for bringing her to trial. We review a conclusion of law *de novo*, to determine whether the district court correctly interpreted the law. *State ex rel. Booth v. Montana Twenty-First Judicial Dist.*, 1998 MT 344, ¶ 10, 292 Mont. 371, ¶ 10, 972 P.2d 325, ¶ 10. We will affirm a district court's decision if it reached the correct result for the wrong reason. *State v. S.T.M.,* 2003 MT 221, ¶ 15, 317 Mont. 159, ¶ 15, 75 P.3d 1257, ¶ 15 (citations omitted).

2

¶4	The District Court concluded Hughes waived the 180-day limitation because of delays made to accommodate her. Specifically, Hughes had appeared before the court and represented that trial was unnecessary because a plea agreement was pending. As a result, the court scheduled a change of plea hearing for 21 days later. At that hearing, Hughes asked for a continuance, again representing that a plea bargain agreement was pending. One week later, at the next date set for the change of plea hearing, Hughes asked the court to set the matter for trial. Two days after Hughes' request, the court set the case for trial approximately two months later. Then, two days before the trial date, Hughes moved to dismiss the charges against her on grounds the State had failed to bring her to trial within the time limits prescribed under the IAD because the trial date was 4 days past the 180-day IAD limit. The District Court concluded that, because Hughes caused a total of 28 days of delay, she waived strict application of the 180-day limit.

¶5	Hughes argues the 180-day IAD time limit is mandatory, citing *Snyder v. Sumner* (9th Cir. 1992), 960 F.2d 1448, 1454. Notwithstanding the authority cited by Hughes, several courts have held that, when a trial date is set beyond the 180-day IAD time limit but the defendant does not object to the trial date during the time remaining under the 180-day limit, the defendant's acquiescence amounts to waiver and the defendant is not entitled to dismissal of the charges. *Pethtel v. State* (Ind. Ct. App. 1981), 427 N.E.2d 891, 894; *Saffold v. State* (Ala. Crim. App. 1987), 521 So.2d 1368, 1372. This imputation of waiver squares with this Court's longstanding rule that it will not put a district court in error for a ruling or procedure in which the appellant acquiesced or participated or to which the appellant made no

3

objection. *State v. Gardner*, 2003 MT 338, ¶ 44, 318 Mont. 436, ¶ 44, 80 P.3d 1262, ¶ 44 (citations omitted).

¶6    Here, almost two months elapsed between the District Court's order setting Hughes' trial date and the end of the 180-day period, but she made no objection to the scheduled trial date during that time.   We hold the District Court correctly concluded Hughes waived the 180-day IAD time limit for bringing her to trial.

¶7    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM REGNIER

4